UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV-15        0384**

---------------------------------------------------------

ERICA BREINER ,

Plaintiff,

vs.

ARAMARK CORPORATION, ARAMARK
FACILITIES MANAGEMENT and AUBURN
ALUMNI ASSOCIATION,

Defendants.

**PETITON FOR REMOVAL OF ACTION
UNDER 28 U.S.C. §1446(a) DIVERSITY**

CHEN, J.
MANN. M.J.

---------------------------------------------------------

Defendants ARAMARK CORPORATION, and ARAMARK SERVICES, INC. i/s/h/a

ARAMARK FACILITIES MANAGEMENT (Collectively "Aramark Defendants"), by and

through its attorneys, Lewis Brisbois Bisgaard & Smith LLP, respectfully submits as follows

upon information and belief:

1.      On December 9, 2014, plaintiff ERICA BREINER ( "BREINER") commenced a

civil action against defendant in the Supreme Court of the State of New York, Queens County,

under Index No17640/14 by filing the Summons and Complaint.  Plaintiff filed her Affidavit of

Service on January 8, 2015 The Summons and Complaint along with corresponding affidavit of

service are attached as **Exhibit "A"**.

2.      Based upon the affidavit of service, Defendant Aramark was allegedly served

with the Complaint on December 19, 2014.

3.      At the time the action was commenced and at the time this notice of removal is

filed, Plaintiff is a resident of Queens County, New York.

4.      At the time the action was commenced and at the time this notice of removal is

filed, defendant ARAMARK CORPORATION has changed its name to ARAMARK

SERVICES, INC., a corporation duly organized and existing under and by virtue of the State of Delaware with its principal place of business located in the Commonwealth of Pennsylvania.

5.     At the time the action was commenced and at the time this notice of removal is filed, defendant ARAMARK SERVICES, INC. i/s/h ARAMARK FACILITIES MANAGEMENT is a corporation duly organized and existing under and by virtue of the State of Delaware with its principal place of business located in the Commonwealth of Pennsylvania.

6.     At the time the action was commenced and at the time this notice of removal is filed, defendant AUBURN ALUMNI ASSOCIAITON is a nonprofit corporation duly organized and existing under and by virtue of the State of Alabama with its principal place of business located in the State of Alabama.

7.     Based upon information obtained from Plaintiff's counsel on January 16, 2015, Plaintiff allegedly sustained a concussion and head injury necessitating six (6) staples and has not returned to work since the date of the accident on December 10, 2013.  Plaintiff is alleging violations of New York Labor Law §§ 200, 240 and 241.  Upon information and belief, the damages for which Plaintiff is seeking relief will exceed $75,000, exclusive of interest and costs.

8.     This Court has original jurisdiction over this action under 28 U.S.C. Section 1332(a) in that the citizenship of the parties are completely diverse and upon information and belief the amount plaintiff seeks exceeds $75,000 exclusive of interest and costs.

9.     The defendants are not citizens of the State of New York, so that this action is removable under 28 U.S.C. Section 1441, *et seq.*

10.     This Petition of Removal is timely because it is filed pursuant to 28 USC 1446(c)(2) wherein information which would confer jurisdiction on this Court was discovered by movants within 30 days of filing of this application.

4815-4971-3441.1

11.     No process, pleadings or orders have been received by defendants ARAMARK other than the Complaint, **Exhibit "A"**.

12.     Defendant Auburn Alumni Association has not been served in this action and upon information and belief did not receive the Complaint until approximately two (2) weeks ago.  No affidavit of service has been filed evidencing service upon Defendant Auburn Alumni Association.  Notwithstanding the lack of service, they have consented to the removal of this action.

13.     This action is hereby removed from Supreme Court, Queens County, to this Court.

14.     Written filing of this Petition of Removal will be given to the plaintiff promptly after the filing of this Notice of Removal, as is required by law.

15.     A true and correct copy of this Petition of Removal will be filed with the Clerk of the Supreme Court of New York, Queens County promptly after the filing of this Notice of Removal, as is required by law.

16.     Attached to this Petition of Removal as **Exhibit "A",** and by reference made a part hereof, are true and correct copies of all process, pleadings and orders filed in the aforesaid action.

17.     By filing this Petition of Removal, defendant does not waive any defense which may be available to it, specifically including, but not limited to, its right to contest in personal jurisdiction over the defendant, improper service of process upon the defendant, and the absence of venue in this Court or in the New York State Supreme Court from which the action has been removed.

**WHEREFORE,** defendant respectfully removes this action, which is currently pending in the Supreme Court of the State of New York, County of Queens, to this Court and respectfully requests that this matter proceed in this Court as an action properly removed thereto.

Dated: New York, New York
       January 23, 2015

                        LEWIS BRISBOIS BISGAARD & SMITH, LLP

                        By: _____
                            Eileen Budd (EB3180)
                            Attorneys for Defendants
                            ARAMARK CORPORATION,
                            ARAMARK SERVICES, INC. i/s/h
                            and ARAMARK FACILITIES
                            MANAGEMENT
                            77 Water Street
                            New York, NY 10005
                            (212) 232-1300

TO:    Greenberg & Stein, P.C.
       Attorneys for Plaintiff
       360 Lexington Avenue, Suite 1501
       New York, New York 10017
       (212) 681-2535

       Auburn Alumni Association
       317 S. College Street
       Auburn, AL 36849

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
ERICA BREINER,

                          Plaintiff,

        -against-

ARAMARK CORPORATION, ARAMARK FACILITIES
MANAGEMENT and AUBURN ALUMNI
ASSOCIATION,

                          Defendants.
-------------------------------------------------------------------X

Index No.: 17690/14
Date Purchased: DEC 09 2014

**SUMMONS**

Plaintiff designates NASSAU
County as the place of trial.

The basis of venue is:
Plaintiff's Residence

Plaintiff resides at:
132-48 88th Street, #2A
Ozone Park, NY 11417
County of Queens

**To the above named Defendants:**

        **You are hereby summoned** to answer the complaint in this action, and to serve a copy
of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance
on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day
of service, where service is made by delivery upon you personally within the state, or, within 30 days
after completion of service where service is made in any other manner.  In case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated:        New York, New York
              December 5, 2014

                                        _____
                                        JOSHUA N. STEIN
                                        Joshua N. Stein
                                        GREENBERG & STEIN, P.C.
                                        Attorney for Plaintiff(s)
                                        Breiner, Erica
                                        360 Lexington Avenue, Suite 1501
                                        New York, New York 10017
                                        (212) 681-2535
                                        Our File No. 6038-JNS

1

TO:    Auburn Alumni Association
317 S. College Street
Auburn, AL 36849

Aramark Facilities Management
1101 Market Street
Philadelphia, PA 19107

Aramark Corporation
1101 Market Street
Philadelphia, PA 19107

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------------X
ERICA BREINER,

                              Plaintiff,

      -against-

ARAMARK CORPORATION, ARAMARK FACILITIES
MANAGEMENT and AUBURN ALUMNI ASSOCIATION,

                         Defendants.
----------------------------------------------------------------X

Index No.: 17610/14
Date Purchased: DEC 0 9 2014

**VERIFIED COMPLAINT**

        Plaintiff, by her attorneys, **GREENBERG & STEIN, P.C.**, complaining of the Defendants,

respectfully alleges, upon information and belief, as follows:

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF ERICA BREINER

        1.     That at all times herein mentioned, the Plaintiff was, and still is, a resident of the

County of Queens, State of New York.

        2.     That this action falls within one or more of the exceptions set forth in CPLR §1602.

        3.     That at all times herein mentioned, the Defendant **AUBURN ALUMNI**

**ASSOCIATION** was and still is a domestic corporation duly organized and existing under and by

virtue of the laws of the State of New York.

        4.     That at all times herein mentioned, the Defendant **AUBURN ALUMNI**

**ASSOCIATION** was and still is a foreign Not for Profit corporation duly authorized to do business

in the State of New York.

3

5.     That at all times herein mentioned, the Defendant **AUBURN ALUMNI ASSOCIATION** maintained a place of business in the County of Lee, State of Alabama, located at 317 S. College Street, Auburn, AL 36849.

6.     That at all times herein mentioned, the Defendant **ARAMARK CORPORATION** was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7.     That at all times herein mentioned, the Defendant **ARAMARK CORPORATION** was and still is a foreign corporation duly authorized to do business in the State of New York.

8.     That at all times herein mentioned, the Defendant **ARAMARK CORPORATION** maintained a principal place of business in the County of Philadelphia, City of Philadelphia, State of Pennsylvania, located at 1101 Market Street, Philadelphia, PA 19107

9.     That at all times herein mentioned, the Defendant **ARAMARK FACILITIES MANAGEMENT** was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

10.     That at all times herein mentioned, the Defendant **ARAMARK FACILITIES MANAGEMENT** was and still is a foreign corporation duly authorized to do business in the State of New York.

11.     That at all times herein mentioned, the Defendant **ARAMARK FACILITIES MANAGEMENT** maintained a principal place of business in the County of Philadelphia, City of Philadelphia, State of Pennsylvania, located at 1101 Market Street, Philadelphia, PA 19107.

4

12.     That at all times herein mentioned, the Defendant **ARAMARK CORPORATION** operated a portion of the United Nations Building which housed the "Cafeteria" of the aforesaid building and premises.

13.     That at all times herein mentioned, the Defendant **ARAMARK CORPORATION** maintained the aforesaid portion of the aforesaid building and premises.

14.     That at all times herein mentioned, the Defendant **ARAMARK CORPORATION** controlled the aforesaid portion of the aforesaid building and premises.

15.     That at all times herein mentioned, the Defendant **ARAMARK CORPORATION** managed the aforesaid portion of the aforesaid building and premises.

16.     That at all times herein mentioned, the **ARAMARK CORPORATION** was the lessee the aforesaid portion of the aforesaid building and premises.

17.     That at all times herein mentioned, the Defendant **ARAMARK BUILDING MANAGEMENT** operated a portion of the United Nations Building which housed the "Cafeteria" of the building and premises.

18.     That at all times herein mentioned, the Defendant **ARAMARK BUILDING MANAGEMENT** maintained the aforesaid portion of the aforesaid building and premises.

19.     That at all times herein mentioned, the Defendant **ARAMARK BUILDING MANAGEMENT** controlled the aforesaid portion of the aforesaid building and premises.

20.     That at all times herein mentioned, the Defendant **ARAMARK BUILDING MANAGEMENT** managed the aforesaid portion of the aforesaid building and premises.

5

21. That at all times herein mentioned, **AUBURN ALUMNI ASSOCIATION** was the lessee of the aforesaid portion of the aforesaid building and premises.

22. That at all times herein mentioned, the Defendant, **AUBURN ALUMNI ASSOCIATION** maintained the aforesaid portion of the aforesaid building and premises.

23. That at all times herein mentioned, the Defendant **AUBURN ALUMNI ASSOCIATION** controlled the aforesaid portion of the aforesaid building and premises.

24. That at all times herein mentioned, the Defendant **AUBURN ALUMNI ASSOCIATION** managed the aforesaid portion of the aforesaid building and premises.

25. That at all times herein mentioned, the **AUBURN ALUMNI ASSOCIATION** was the lessee of the aforesaid portion of the aforesaid building and premises.

26. That at all times herein mentioned, the Defendant(s) **ARAMARK CORPORATION and/or ARAMARK FACILITIES MANAGEMENT and/or AUBURN ALUMNI ASSOCIATION,** hired and/or retained the Bently Meeker Lighting & Staging, Inc. to perform construction work, labor and/or services upon the aforesaid portion of the aforesaid building and premises.

27. That Bentley Meeker Lighting & Staging, Inc was hired and/or retained pursuant to a written contract or agreement.

28. That on December 10, 2013, the Plaintiff **ERICA BREINER** was an employee of Bentley Meeker Lighting & Staging, Inc.

6

29.     That at all times herein mentioned, and on, or prior to, December 10, 2013, the Defendants, their agents, servants and/or employees were engaged in performing construction work, labor and/or services upon the aforesaid building and premises.

30.     That the Defendants, their agents, servants and/or employees had the duty to provide the Plaintiff with a safe place to work.

31.     That the Defendants, their agents, servants and/or employees had the non-delegable duty to see that the work site was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

32.     That on December 10, 2013, while Plaintiff **ERICA BREINER** was lawfully and carefully working upon a lighting scaffold at the aforesaid premises, she was caused to be struck and injured by a falling object by reason of the negligence of the Defendants, their agents, servants and/or employees in the ownership, operation, direction, supervision, possession, control, construction, rehabilitation and/or alteration of the said premises sustaining the injuries hereinafter alleged.

33.     That the Defendants, their agents, servants and/or employees were negligent, reckless and careless in the ownership, operation, maintenance, control, possession, supervision, direction, construction, inspection, management, renovation, rehabilitation and/or alteration of the said premises in that they failed to provide the Plaintiff with a safe place to work; and the Defendants were otherwise negligent, reckless and careless.

34.     That the Defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions existing upon the work site.

7

35.     That the accident, and the injuries resulting therefrom, were caused solely and wholly by reason of the negligence of the Defendants, their agents, servants and/or employees without any fault, want of care or culpable conduct on the part of the Plaintiff contributing thereto.

36.     That by reason of the foregoing, the Plaintiff has been rendered sick, sore, lame maimed and disabled and so remains. That she has been unable to attend to her usual vocation and activities and that she has been obliged to expend, and will expend in the future, sums of money for medical aid and attention, and that by reason of the foregoing, Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF ERICA BREINER

37.     Plaintiff **ERICA BREINER** repeats, reiterates and realleges each and every allegation contained in the First Cause of Action, with the same force and effect as though set forth at length herein.

38.     That on December 10, 2013, there existed, in full force and effect, within the State of New York, Section 200 of the Labor Law of the State of New York.

39.     That by reason of the negligence of the Defendants as aforesaid, the said Defendants violated Section 200 of the Labor Law of the State of New York.

40.     That by reason of the foregoing, the Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

8

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF ERICA BREINER

41.     Plaintiff **ERICA BREINER** repeats, reiterates and realleges each and every allegation contained in the First and Second Causes of Action, together with the same force and effect as though set forth at length herein.

42.     That on December 10, 2013, there existed, in full force and effect, within the State of New York, Section 240 of the Labor Law of the State of New York.

43.     That by reason of the negligence of the Defendants as aforesaid, the said Defendants violated Section 240 of the Labor Law of the State of New York.

44.     That by reason of the foregoing, the Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF ERICA BREINER

45.     Plaintiff **ERICA BREINER** repeats, reiterates and realleges each and every allegation contained in the First, Second and Third Causes of Action, together with the same force and effect as though set forth at length herein.

46.     That on December 10, 2013, there existed, in full force and effect, within the State of New York, Section 241 of the Labor Law of the State of New York.

47.     That by reason of the negligence of the Defendants as aforesaid, the said Defendants violated Section 241 of the Labor Law of the State of New York.

9

48.    That by reason of the foregoing, the Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, Plaintiff(s) demand(s) judgment against the Defendants herein on all causes of action, in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:        New York, New York
              December 5, 2014

                                        Yours, etc.

                                        _____
                                        JOSHUA N. STEIN
                                        Joshua N. Stein
                                        GREENBERG & STEIN, P.C.
                                        Attorney for Plaintiff(s)
                                        Breiner, Erica
                                        360 Lexington Avenue, Suite 1501
                                        New York, New York 10017
                                        (212) 681-2535
                                        Our File No. 6038-JNS

10

## ATTORNEY'S VERIFICATION

JOSHUA N. STEIN, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at GREENBERG & STEIN, P.C., attorneys of record for Plaintiff(s), ERICA BREINER, in the action within. I have read the annexed SUMMONS AND COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff(s) is/are not presently in the county wherein I maintain my offices.

DATED:     New York, New York
           December 5, 2014

                                   _____
                                   JOSHUA N. STEIN

11

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

ERICA BREINER,

Plaintiff,

-against-

ARAMARK CORPORATION, ARAMARK FACILITIES MANAGEMENT and AUBURN
ALUMNI ASSOCIATION, Defendants

**SUMMONS & VERIFIED COMPLAINT**

**GREENBERG & STEIN, P.C.**
*Attorneys for Plaintiff*
**360 Lexington Avenue, Suite 1501**
**New York, New York 10017**
**(212) 681-2535**

TO:

'690/2014 AFFIDAVIT OF SERVICE

Page 1 of 2

## AFFIDAVIT OF SERVICE



P409234

| Case:<br>17690-14 | Court:<br>SUPREME COURT OF THE STATE OF NEW YORK COUNTY<br>OF QUEENS | County:<br>, | Job:<br>462261 (656467) |
|---|---|---|---|

| Plaintiff / Petitioner:<br>ERICA BREINER | **INSYNC** | Defendant / Respondent:<br>ARAMARK CORPORATION,ARAMARK FACILITIES MANAGEMENT<br>andAUBURN ALUMNI ASSOCIATION, |
|---|---|---|

| Received by:<br>Heaven Sent Legal Services | For:<br>INSYNC LITIGATION |
|---|---|

| To be served upon:<br>ARAMARK CORPORTION |
|---|

I, ANDREW PEDROZA, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:    ISABEL COOMBS, Corporate: 1101 MARKET STREET, PHILADELPHIA, PA 19107

Manner of Service:    Business, Dec 19, 2014, 2:10 pm EST

Documents:    SUMMONS AND VERIFIED COMPLAINT (Received Dec 19, 2014 at 12:43pm)

Additional Comments:
1) Successful Attempt: Dec 19, 2014, 2:10 pm EST at Corporate: 1101 MARKET STREET, PHILADELPHIA, PA 19107 received by ISABEL COOMBS. Age: 30s; Ethnicity: African American; Gender: Female; Weight: 200; Height: 5'7"; Hair: Black; Eyes: Brown; Legal department

FILED
JAN 0 8 2015
COUNTY CLERK
QUEENS COUNTY

_____
ANDREW PEDROZA

12/30/2014
Date

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
Notary Public

12/30/2014
Date

October 10, 2017
Commission Expires

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JONATHON R. SANDLER, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 10, 2017

Printed: 1/22/2015

Index No. 17690-14

SUPREME COURT QUEENS COUNTY STATE OF NEW YORK

ERICA BREINER

                    PLAINTIFF

        -- against -
ARAMARK CORPORATION, ETAL

                    DEFENDANT

SUMMONS AND VERIFIED COMPLAINT,

GREENBERG &STEIN LLP

360 LEXINGTON AVE SUITE 1501

NEW YORK, NY 10017

212-681-2535

## AFFIDAVIT OF SERVICE



P409234

| Case: 17690-14 | Court: SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF QUEENS | County: , | Job: 462261 (656467) |
|---|---|---|---|
| **Plaintiff / Petitioner:** ERICA BREINER | **INSYNC** | | **Defendant / Respondent:** ARAMARK CORPORATION,ARAMARK FACILITIES MANAGEMENT andAUBURN ALUMNI ASSOCIATION, |
| **Received by:** Heaven Sent Legal Services | | | **For:** INSYNC LITIGATION |
| **To be served upon:** ARAMARK CORPORTION | | | |

I, ANDREW PEDROZA, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   ISABEL COOMBS, Corporate: 1101 MARKET STREET, PHILADELPHIA, PA 19107

Manner of Service:   Business, Dec 19, 2014, 2:10 pm EST

Documents:   SUMMONS AND VERIFIED COMPLAINT (Received Dec 19, 2014 at 12:43pm)

Additional Comments:
1) Successful Attempt: Dec 19, 2014, 2:10 pm EST at Corporate: 1101 MARKET STREET, PHILADELPHIA, PA 19107 received by ISABEL COOMBS. Age: 30s; Ethnicity: African American; Gender: Female; Weight: 200; Height: 5'7"; Hair: Black; Eyes: Brown; Legal department

FILED
JAN 0 8 2015
COUNTY CLERK
QUEENS COUNTY

_____          12/30/2014
ANDREW PEDROZA                        Date

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
Notary Public
12/30/2014        October 10, 2017
Date              Commission Expires

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JONATHON R. SANDLER, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 10, 2017

Index No. 17690-14

SUPREME COURT QUEENS COUNTY STATE OF NEW YORK

ERICA BREINER

                PLAINTIFF

      - against -
ARAMARK CORPORATION, ETAL

                DEFENDANT

SUMMONS AND VERIFIED COMPLAINT,

GREENBERG &STEIN LLP

360 LEXINGTON AVE SUITE 1501

NEW YORK, NY 10017

212-681-2535